UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.  No. 21-CR-01934 MV

SANTIAGO MARTINEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the government's Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b) [Doc. 65]. Mr. Martinez responded on April 19, 2023. Doc. 76. The government replied on April 24, 2023. Doc. 78. On October 26, 2023, the Court heard argument on this notice. Having carefully considered the briefs, oral argument, and relevant law, and being otherwise fully informed, the Court finds that the government's Notice is not well taken and will be denied.

Mr. Martinez is alleged to have murdered Jane Doe on November 13, 2021. On December 21, 2021, he was indicted by a grand jury for the unlawful killing of Jane Doe with malice aforethought in violation of 18 U.S.C. §§ 1153 and 1111.

On March 22, 2023, the government filed a First Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b). The government seeks to introduce two types of other act evidence. Doc. 65 at 1. First, it intends to elicit information regarding prior instances of physical abuse by Mr. Martinez towards Doe from witnesses with personal knowledge. *Id.* Specifically, the government wishes to introduce the following:

- D.S., Doe's sister, told agents of at least one prior incident in which Mr. Martinez pinned Doe down, yelled at her, and choked her. D.S. reported that Mr. Martinez's parents had to

1

intervene to rescue Doe and Mr. Martinez apologized to Doe's family.

- R.B., Doe's friend, told agents that at some point Doe was trying to leave Mr. Martinez's home but Mr. Martinez held her down so that she could not leave. R.B. reported that Mr. Martinez's father had to "beat" Mr. Martinez to make him let her go.

*Id.* at 2. Second, the government intends to introduce evidence that Mr. Martinez made statements following Jane Doe's death that he wanted to end his own life in order to be with her, arguing that suicidal ideation is evidence of consciousness of guilt and that his statements are a form of flight evidence. *Id.* at 6. Mr. Martinez objects to the introduction of both sets of evidence.

**I.  Evidence of Prior Incidents of Violence by Mr. Martinez Against Jane Doe is Impermissible Propensity Evidence.**

Rule 404(b) of the Federal Rule of Evidence provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," provided that the prosecutor "provide[s] reasonable notice of any such evidence . . . so that the defendant has a fair opportunity to meet it," "articulate[s] in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose," and "do[es] so in writing before trial," unless the court excuses lack of pretrial notice. Fed. R. Evid. 404(b)(2)–(3). The Tenth Circuit has articulated that prior act evidence is properly admitted if four requirements are met:

> (1) the evidence was offered for a proper purpose under Fed. R. Evid. 404(b); (2) the evidence was relevant under Fed. R. Evid. 401; (3) the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice under Fed. R. Evid. 403; and (4) the district court, upon request, instructed the jury pursuant to Fed. R. Evid. 105 to consider the evidence only for the purpose for which it was admitted.

*United States v. Becker*, 230 F.3d 1224, 1232 (10th Cir. 2000) (citing *Huddleston v. United States*, 485 U.S. 681, 691–92 (1988)). The Tenth Circuit interprets Rule 404(b) inclusively, holding that in general, relevant evidence of other crimes or acts should be admitted "except that which tends to prove only criminal disposition," *United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir. 2001). Still, even under this "inclusive" approach, "[t]he government bears the burden of showing that the proffered evidence is relevant to an issue other than character," *United States v. Youts*, 229 F.3d 1312, 1317 (10th Cir. 2000) (citation omitted), and must "articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred." *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir. 1985).

      With respect to instances of prior abuse, the Tenth Circuit has held that such evidence may generally be introduced to show lack of mistake in a different allegation of violence against the same person. *See, e.g., United States v. Naranjo*, 710 F.2d 1465, 1467 (10th Cir. 1983) (finding that in a second degree murder trial, evidence of prior assaults on the victim was admissible where it was "relevant, clear, and convincing in rebutting the asserted defense of accident"); *United States v. Hogue*, 827 F.2d 660, 664 (10th Cir. 1987) ("Evidence of the systematic abuse of a particular victim tends to negate the defense of accident because it shows that the defendant had strong feelings toward a particular individual that may have contributed to the formation of intent or motive."). Furthermore, the Tenth Circuit has found that evidence of prior physical abuse can speak to intent or motive. *United States v. Wooten*, 377 F.3d 1134, 1143 (10th Cir. 2004) (prior incident where defendant threatened the victim with a knife was admissible because it showed defendant's intent to kidnap the victim at a later time).

      However, the Tenth Circuit has clarified that "[e]vidence is admissible under Rule 404(b) only if it is relevant for a permissible purpose and that relevance does not depend on a defendant

3

likely acting in conformity with an alleged character trait." *United States v. Commanche*, 577 F.3d 1261, 1267 (10th Cir. 2009). In *Commanche*, the Court held that, where the permissible purposes for which prior act evidence may be considered are not "logically independent from the impermissible purpose of demonstrating conformity with a character trait," the evidence is inadmissible. 577 F.3d at 1266. To explain, the *Commanche* Court provided an example that closely resembles the facts of this case:

> Consider a case in which a defendant is accused of murdering his wife using his car but claims that he thought that car was in reverse when it was actually in drive. To demonstrate the absence of mistake, the government attempts to elicit testimony that the defendant twice previously slapped his wife. In such a case, the disparate circumstances between the prior instances and the vehicular killing negate any possibility of directly using the prior instances to show lack of mistake. Rather, a jury could use this evidence to conclude that the defendant was not mistaken as to the status of his transmission only if it first concluded that he had a propensity for violence against his wife and this alleged murder was another such incident. Rule 404(b) does not allow evidence of other bad acts in such a case. If that defendant is to be convicted of murder, it must be based on his allegedly murderous act and not his bad character.

*Id.* at 1267. In *United States v. Eaves*, the district court applied *Commanche* to the facts before it, reasoning as follows:

> It is clear that a jury could use evidence of defendant's prior domestic abuse of [the victim] to conclude that defendant had the requisite intent to cause serious bodily harm to [the victim], or that he had the motive to do so, but only if it first concluded that defendant had a propensity for committing violence against [the victim] and that the alleged murder was such an incident. As the permissible purposes in this case are not "logically independent from the impermissible purpose of demonstrating conformity with a character trait," the prior domestic abuse evidence is inadmissible.

180 F. Supp. 3d 938, 942 (N.D. Okla. 2016) (quoting *Commanche*, 577 F.3d at 1266). Accordingly, Rule 404(b) excludes prior acts evidence "if its relevance to another [proper] purpose is established *only* through the forbidden propensity inference." *United States v. Rodella*, 804 F.3d 1317, 1333 (10th Cir. 2015) (citations omitted) (emphasis in original).

4

In the instant case, the government intends to introduce testimony regarding prior instances of physical abuse by Mr. Martinez against Jane Doe for the following purposes: to provide a plausible motive for Jane Doe's killing; to show Mr. Martinez's criminal intent; and/or to cast doubt on Mr. Martinez's assertions that Doe's killing was a mistake or an accident. Doc. 65 at 4. Regardless of their propriety, under *Commanche,* if these purposes are not "logically independent from the impermissible purpose of demonstrating conformity with a character trait," the prior domestic abuse evidence is not admissible. *Commanche,* 577 F.3d at 1266. As noted above, the facts here are nearly identical to those used by the *Commanche* court to exemplify a situation in which prior bad acts evidence would not be admissible.

The government has failed to distinguish its proposed use of prior domestic violence incidents to establish motive and intent and dispel the notion of an accident in Mr. Martinez's alleged vehicular killing of Jane Doe from the hypothetical use described, and proscribed, in *Commanche* of the defendant's prior domestic violence incidents to establish absence of mistake in that defendant's vehicular killing of the victim. Indeed, the government's proposed uses of the prior acts evidence would involve "a chain of inferences dependent upon the conclusion that [Mr. Martinez] has violent tendencies and acted consistent with those tendencies." *Commanche*, 577 F.3d at 1269. The relevance of the prior bad acts evidence here thus would require the jury first to conclude that Mr. Martinez "had a propensity for committing violence against [Jane Doe] and that the alleged murder was such an incident." *Eaves,* 180 F. Supp. 3d at 942. And because the relevance of Mr. Martinez's prior acts of domestic violence against Jane Doe to the purposes of motive, intent, and lack of accidence can be "established *only* through [] forbidden propensity inference," that evidence is not properly admissible under Rule 404(b). *Rodella*, 804 F.3d at 1333. In short, the government has not "satisf[ied] its burden to articulate a permissible use of the

5

domestic abuse evidence that does *not* require an impermissible propensity inference." *Eaves,* 180 F.Supp. 3d at 943 (citing United States v. Lawrence, 2010 WL 1875647 at *4 (W.D. Okla. May 10, 2010)).

Assuming arguendo that the proposed prior acts evidence would not improperly require an initial conclusion regarding Mr. Martinez's propensity for violence, the government has not established that disproving that the killing was accidental is a valid purpose here. The government submits that "[e]vidence of the systematic abuse of a particular victim tends to negate the defense of accident because it shows that the defendant had strong feelings toward a particular individual that may have contributed to the formation of intent or motive." Doc. 65 at 4 (quoting *Hogue*, 827 F.2d at 664). However, "[e]vidence is offered for a proper purpose under Rule 404(b) where the purpose is actually relevant to the case." *Eaves*, 180 F. Supp. 3d at 942. Accordingly, for the government to admit prior bad act evidence to show absence of mistake or lack of accident, the Court first must find that the defendant has raised either absence of mistake or lack of accident. *Id*. But Mr. Martinez has not, to this point, raised a defense of mistake or accident. Doc. 76 at 5. And while the government argues that this prior acts evidence would rebut statements made in Mr. Martinez's post-polygraph interview, Doc. 65 at 1; Doc. 78 at 2, those statements have been excluded by this Court. Doc. 121. Lack of mistake or accidence thus, at this point, is not a proper purpose to introduce Rule 404(b) evidence.

**II. Mr. Martinez's Statements Regarding Ending His Own Life are not Relevant Evidence.**

As the government acknowledged at the October 26, 2023 hearing, the United States was "overbroad in including [Mr. Martinez's statements regarding suicide] inside of a 404(b) notice." October 26, 2023 Hearing Transcript at 193 (H'rg. Tr.). While, as the government properly notes, these statements are not 404(b) evidence, they are statements made by a party opponent and thus

6

are non-hearsay under Federal Rule of Evidence 801(d)(2). The government argues that the probative value of Mr. Martinez's statements lies in the fact that they could be considered flight evidence under *United States v. Cody*, 498 F.3d 582, 591 (6th Cir. 2007) (holding that the expression of suicidal ideation may be admissible as relevant evidence of consciousness of guilt akin to flight evidence).

Relevance is a threshold issue in determining the admissibility of any piece of evidence. Fed. R. Evid. 402. Any evidence that is irrelevant is inadmissible. Fed. R. Evid. 402. To be relevant, evidence need only have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *see United States v. Leonard*, 439 F.3d 648, 651 (10th Cir. 2006). A fact is "of consequence when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict," but it only need to have any tendency to do so. *United States v. Jordan*, 485 F.3d 1214, 1218 (10th Cir. 2007). Although the threshold burden is low, the rules do not sanction the "carte blanche admission" of any evidence. *Jordan*, 485 F.3d at 1218. "The trial judge is the gatekeeper under the Rules of Evidence." *Id.*

The Sixth Circuit has ruled that, in some circumstances, suicidal ideation may be admissible as relevant evidence of consciousness of guilt by analogizing suicide to a form of flight. *United States v. Cody*, 498 F.3d 582, 591 (6th Cir. 2007). In *Cody*, "[t]he court justified its decision by characterizing Cody's suicide-related statements as an admission of guilt. *Id.* "Specifically, the [trial] court noted that 'he says here [on the tape] that he couldn't live in prison, so he was going to kill himself, which is itself an admission.'" *Id.*. The Court further emphasized that "Cody fails to seriously dispute this admission-of-guilt rationale." *Id.* Given Cody's failure

to even file a reply brief, the Court accepted as true the government's statement that "[d]uring the interview, defendant state[d] that he has considered suicide as an alternative to going to prison for what he has done." *Id.* at 592. The Court held that, given Cody's failure to object to the government's characterization of his statement, "the words 'for what he has done,' after all, could reasonably be interpreted to satisfy [an inference of consciousness of guilt of the crime charged]." *Id.* (citing *United States v. Atchley*, 474 F.3d 840, 853 (6th Cir. 2007)).

However, the facts of the instant case differ from those found in *Cody*. Unlike the defendant in *Cody*, Mr. Martinez has vociferously contested the government's assertion that his statements regarding wanting to end his own life are relevant or probative of guilt. Doc. 76 at 9. The fact that an expression of suicidal ideation may be admissible in a case where it is probative of consciousness of guilt or another material fact does not mean that any expression of suicidal ideation from a criminal defendant is *per se* relevant. Whereas the defendant in Cody explicitly connected his desire to end his own life to the consequences of "what he [had] done," Mr. Martinez expressed a desire to end his own life "in order to be with Doe," his suddenly deceased romantic partner of ten years. *Cody*, 498 F.3d at 592, Doc. 65 at 2, Doc 76 at 9. While Mr. Martinez admits that he was justifiably afraid of the accusations that followed Jane Doe's death, he argues that his statements regarding wanting to end his own life were made "[s]eparately," were "merely emotional expressions following the trauma of finding his girlfriend of ten years dead and then having her family and the police make many presumptuous statements towards Mr. Martinez," and reflect his belief system in which "the only way to [for him] continue being with her [was] for himself to also be in the afterlife." Doc 76 at 9.

The Court is not convinced that Mr. Martinez's statements "provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a

verdict." *United States v. Jordan*, 485 F.3d 1214, 1218 (10th Cir. 2007). Therefore, evidence of these statements will be excluded on relevance grounds.

## CONCLUSION

For the foregoing reasons, the Court finds that the relevance of testimony regarding past violent incidents between Mr. Martinez and Jane Doe relies on an impermissible propensity rationale and, thus, that such evidence should be excluded. The Court further finds that Mr. Martinez's statements regarding ending his own life are to be excluded as irrelevant.

**IT IS THEREFORE ORDERED** that the "Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b)" [Doc. 65] is **DENIED.**

ENTERED this 7th day of December 2023.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE